496 So.2d 417 (1986)
STATE of Louisiana
v.
Leonard BROWN.
No. KA-5037.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
*418 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Rockne L. Moseley, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
William Noland, New Orleans, for defendant-appellant.
Before GARRISON, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
Defendant, Leonard Brown, was charged with possession of a firearm by a convicted felon. R.S. 14:95.1. He was found guilty as charged by a twelve man jury and was sentenced to serve four years at hard labor in the Department of Corrections, without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction and sentence, relying on ten assignments of error. Finding insufficient evidence to support the conviction we reverse the defendant's conviction and sentence.
New Orleans Police Officers Adele Bonura and a fellow officer responded to a complaint filed by Linda Allen, a friend of the defendant, Leonard Brown. Ms. Allen complained of a disturbance at 2000 Hendee Street, Apartment 3C in New Orleans, which was the residence of a friend of Ms. Allen. According to the complainant, Brown had come to this address and struck her with a gun. Officer Bonura and her partner proceeded to 2030 Whitney Avenue, Apartment 8L which allegedly was Brown's residence. Upon approaching the apartment the officers heard a disturbance and the sound of two gunshots. The defendant came to the front door, opened it and invited the policemen inside. Upon entering the three room apartment, the officers observed it to be occupied by Brown and a child, who was Brown's grandson. The policemen also saw a blue steel automatic weapon in open view on top the dresser in the bedroom and a second revolver on an open shelf in the apartment. According to Bonura the weapons were a few feet away from Brown and the officers seized them for their own protection. Thereafter, Brown was arrested for being a felon in possession of firearms.
*419 Leonard Brown refuted the testimony of Officer Bonura. According to Brown, the policemen knocked at his door and when defendant opened the door the police had their guns drawn against him. He stated that the two policemen held him while a third policeman searched his house without permission. This search revealed a pistol which was found in a bag and a second pistol was secured from a security guard who was located downstairs from the defendant's apartment.
At the trial Elain Johnson, an administrative assistant at the City's Department of Housing, established that the apartment from which the weapons were seized was at the time under lease to the defendant.
Officer William Sable, an expert in the comparison and analysis of fingerprints, testified that it was his opinion that the fingerprints found on the arrest register of this defendant on March 29, 1974, docket number 242-291 for possession of a schedule two narcotic, were the same as the fingerprints taken from this defendant. A certified copy of the prior arrest register, a copy of the bill of information and the minute entry of July 2, 1975 evidencing a narcotics conviction and a copy of the current fingerprints were identified and introduced into evidence.
The defendant relies upon ten assignments of error. Since we find merit in assignments of error numbers 7 and 10, which warrant a reversal of the defendant's conviction, we pretemit a discussion of the remaining eight assignments of error.
Assignments of Error Nos. 7 and 10
Through these assignments of error the defendant attacks the evidence presented by the State to prove he was a convicted felon.
The defendant contends that the trial court erred in admitting into evidence a copy of an arrest record to prove the defendant's predicate offense. He argues that a notation appearing on the back of the arrest register was inadmissible hearsay. He further argues that a certified copy of a bill of information and minute entry for a conviction of a "Leonard Brown" was insufficient to establish that this defendant had previously been convicted of one of the felonies enumerated in Revised Statute Title 14 Section 95.1.
In Jackson v. Virginia, the United States Supreme Court held that in order for a conviction to be upheld, the evidence, when viewed in the light most favorable to the prosecution, must convince a reasonable trier of fact that the defendant is guilty of every element of the crime beyond a reasonable doubt. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant, Leonard Brown, was charged by an amended bill of information with "illegally and intentionally possessing a firearm, ... the said LEONARD BROWN having previously been convicted of a felony in Case No. 242-291, Sec. F of the docket of the Criminal District Court for the Parish of Orleans, State of Louisiana" in violation of La. Revised Statute 14:95.1. In a case such as this the essential elements of proof are: (1) The defendant was previously convicted of an enumerated felony; (2) in which ten years had not elapsed since the completion of that sentence, and, (3) the defendant had the requisite general criminal intent to commit the crime.
In attempting to prove that the defendant, Leonard Brown, was a felon convicted of an enumerated felony under R.S. 14:95.1 and that ten years had not elapsed since completion of his sentence the State called Officer William Sable. Officer Sable, a New Orleans Police Officer, assigned to the Criminal Prints Division, was qualified by the court as an expert in fingerprint analysis. Officer Sable testified that he had taken the defendant's fingerprints and they matched the prints found on a certified copy of the arrest register which indicated that this defendant was arrested on March 29, 1974 for possession of a Schedule III narcotic, Tuinal. He further identified a certified copy of the arrest register as being one which he had certified as the custodian of records and which was the *420 document secured by him from the police record center. Although a docket number appeared on the back of this document: "242-291," Officer Sable stated that he could not determine when, nor by whom, this notation was made. He also stated that this document was subject to use by persons other than himself, including the district attorney. Additionally, Officer Sable testified that the arrest register did not indicate if the arrestee was convicted. In conjunction with the testimony of Officer Sable and over the objections of the defendant, the State introduced three documents into evidence. The three documents introduced were: S-1, a fingerprint card evidencing the prints of the defendant secured by Officer Sable prior to trial; S-2, a certified copy of arrest register containing fingerprints which matched the defendant's and contained a written notation "242-291" on the back; S-3, certified copies of the Bill of Information and minute entries under docket number 242-291 charging a LEONARD BROWN with possession of barbituates and showing a verdict of guilty as charged.
The defendant argues that the State has failed to prove an essential element of the offense charged as it has not proven that "(1) The defendant was previously convicted of an enumerated felony ..." (emphasis ours). The defendant argues that the State failed to prove that this defendant was in fact convicted for the offense for which he was charged in the arrest register (i.e., possession of Schedule III Narcotics). He reasons that although there exists a docket number notation on the reverse side of the certified arrest register that this notation is inadmissible hearsay and as such cannot be used to connect the arrest of this defendant with a bill of information and minute entry of conviction of a person with the name Leonard Brown.
In State v. Harris, 444 So.2d 257 at 261-262 we defined hearsay evidence, as follows:
Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Tonubbee, 420 So.2d 126 (La.1982); State v. Martin, 356 So.2d 1370 (La.1978). Hearsay evidence is inadmissible except as provided by law. La.R.S. 15:434. A witness can testify only as to facts within his knowledge and may not recite facts heard by him except as provided by law. La.R.S. 15:463.
In this case, although Officer Sable was the legal custodian of the records and had properly delegated authority to present the certified copy of the arrest register, he could not say, from his own knowledge, what the hand written notation "242-291" meant, nor could he say when or by whom the notation was inscribed. As such, the notation was inadmissible hearsay which was improperly admitted into evidence. The notation, under these circumstance, could not be utilized to prove that this defendant was also convicted of this narcotics offense under certified copies of a minute entry of conviction in case number 242-291. See: State v. Tillman, 356 So.2d 1376 (La.,1978).
Additionally, the defendant contends that the State has failed to prove that this defendant is the same Leonard Brown convicted of possession of barbituates in 1975. He reasons that, absent identifying fingerprints, the certified copy of the bill of information and minute entry of conviction in case number 242-291, do not establish that the "Leonard Brown" in that case is in fact this defendant. We agree.
In State v. Curtis, 338 So.2d 662 at 664 (La.1976), the Louisiana Supreme Court discussed such an issue of identification:
Various methods of proof to establish identity have been recognized. We do not consider that identity of name of defendant and the person previously convicted is sufficient evidence of identity. Identification of the accused may be by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those in the *421 prison record introduced, or by photographs contained in the duly authenticated record: (Emphasis Supplied)
The certified copies of a bill of information and minute entry of conviction for a person having the same name as defendant is not adequate proof that this defendant, Leonard Brown, was the same "Leonard Brown" convicted of the offense charged in these certified documents. See: City of Monroe v. French, 345 So.2d 23 (La., 1977).
For these reasons we find that the State failed in its burden of proving that this defendant had been a felon convicted of an enumerated offense, and as such was guilty beyond a reasonable doubt, of every element of the offense charged. R.S. 14:95.1 Jackson v. Virginia, supra.
Accordingly, for the reasons assigned the defendant's conviction and sentence are reversed.,
REVERSED
GARRISON, J., concurs.
GARRISON, Judge, concurring.
I concur and further would reverse because of the substantialand plainly prejudicial alteration of the Bill of Information permitted by the trial judge following the selection of the jury.