626 So.2d 46 (1993)
STATE of Louisiana
v.
Sharron BADIE.
No. 92 KA 1993.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*47 Doug Moreau, Dist. Atty., Office of Dist. Atty., Baton Rouge, by R. Dana Ashford, Asst. Dist. Atty., for plaintiff-appellant.
Bert Garraway, Baton Rouge, for defendant-appellee.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
Sharron Badie was charged by bill of information with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. He pled not guilty and filed a motion to quash. Subsequently, the state filed an amended bill, charging Badie with the same offense but expanding the information concerning his prior felony convictions. At the hearing held on the motion to quash, the court granted the motion. The state appeals this ruling, urging in a single assignment of error that the court erred when it granted the motion to quash.
At the hearing held on the motion to quash, both sides stipulated to the facts set out in the amended bill of information. The bill states that Badie was convicted of (1) simple burglary on November 2, 1973, and sentenced to six years, and (2) simple burglary on October 18, 1976, and sentenced to two years, concurrent to any other sentence. On October 19, 1977, Badie was discharged from the Department of Corrections, having completed his sentences on these two convictions. On November 6, 1985, Badie was convicted of being a felon in possession of a firearm and sentenced to three years. On August 5, 1991, Badie again was charged with possession of a firearm and carrying a concealed weapon. As a result, the state filed the instant bill of information.
The issue raised in this appeal is res nova. Both before the trial court and on appeal, Badie and the state rely on differing interpretations of La.R.S. 14:95.1 in support of their respective positions. The applicable portions of the statute are as follows:
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated, forcible or simple rape, aggravated crime against nature, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, ... to possess a firearm or carry a concealed weapon.
....
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence. [Emphasis added and footnote deleted.]
La.R.S. 14:95.1 (prior to its amended by 1992 La. Acts, No. 403, § 1).
The elements of the crime of felon in possession of a firearm have been described as being (1) possession of a firearm; (2) conviction of an enumerated felony; (3) absence of the ten year statutory period of limitation; and (4) general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983). See also State v. Miller, 499 So.2d 281 (La.App. 1st Cir.1986).
Badie notes that the completion of his sentences for the simple burglary convictions *48 occurred more than ten years before the date of the instant offense. He specifically claims that, because the offense of felon in possession of a firearm is not enumerated in La. R.S. 14:95.1, the state cannot rely on his conviction for that offense in 1985 to prove that less than ten years has passed since completion of his sentence. In response, the state distinguishes between "certain felonies" and "any felony." The state argues that, even though felon in possession of a firearm is not one of the "enumerated" or "certain" felonies of La.R.S. 14:95.1(A), it qualifies as being "any" felony in La.R.S. 14:95.1(C)(1). According to the state, Badie was convicted of "any" felony within ten years following the completion of his sentences on the simple burglary convictions; thus, the exception established in La.R.S. 14:95.1(C)(1) has no application.
When interpreting articles of the Louisiana Criminal Code, we are governed by La.R.S. 14:3, which provides as follows:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
See State v. Butler, 331 So.2d 425 (La.1976). It is well established that criminal statutes are to be strictly construed. State v. Freeman, 411 So.2d 1068 (La.1982). Courts are not empowered to extend by analogy the terms of a criminal provision to cover conduct not included within the definition of a crime. Any doubt as to the extent of the coverage of a criminal statute must be decided in favor of the accused and against the state. State v. Gates, 572 So.2d 247 (La.App. 1st Cir.1990).
Applying these precepts, we conclude the state's interpretation of La.R.S. 14:95.1 is supported by the clear language of the statute. Accordingly, we hold that, if a person previously convicted of one of the enumerated felonies is convicted of "any felony" (even if not an enumerated felony) within the ten year period following completion of the sentence, probation, parole, or suspension of sentence, the ten year period of La.R.S. 14:95.1(C)(1) is interrupted. If less than ten years has passed since the completion of the sentence for the intervening felony, the state may prosecute the defendant under La.R.S. 14:95.1.
In support of his argument, Badie relies on language contained in State v. Hathaway, 411 So.2d 1074 (La.1982). The court in Hathaway stated: "Defendant must only have one prior conviction of one of the enumerated crimes to fall within the perimeters of R.S. 14:95.1." Badie claims this language supports his position that only enumerated felonies may be considered in determining the application of the ten year limit contained in La.R.S. 14:95.1(C)(1). However, the issue raised by the defendant in Hathaway was whether or not an intervening felony conviction was required. The defendant had argued that he should not have been prosecuted for the crime of felon in possession of a firearm because he had not committed an additional intervening felony within the ten year period after serving his sentence on the enumerated felony. The court made it clear that upon proof by the state that the ten-year period has not elapsed, an intervening felony is not required. For us to adopt Badie's argument in the instant case would require us to add the word "enumerated" to La.R.S. 14:95.1(C)(1) to read that "[t]he provisions of this Section ... shall not apply to any person who has not been convicted of any [enumerated] felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence." However, the language of the statute does not support this interpretation. Accordingly, the trial court erred when it granted Badie's motion to quash, and the state's assignment of error has merit.
For the foregoing reasons, the ruling on the motion to quash is reversed. This case is remanded to the trial court for further proceedings consistent with the above.
REVERSED AND REMANDED.