liSULLIVAN, Judge.
Defendant, Robert Robinson, was charged by bill of information filed on January 18, 1996, with unlawfully introducing contraband, to wit: marijuana, into or upon the grounds of the Allen Correctional Center, in violation of La.R.S. 14:402. Robinson was arraigned and entered a plea of not guilty. The trial court set a trial date of August 26, 1996. On that date, Robinson filed a motion to quash and/or a motion in arrest of judgment. Therein, Robinson maintained that, because the Allen Correctional Center is operated by the Wackenhut Corrections Corporation (Wackenhut) and is therefore not a “state correctional institution” as required by La. R.S. 14:402, the offense charged is not punishable under a valid statute. The trial court conducted a hearing on this motion and then denied the motion.
Defendant withdrew his former plea and entered a plea of no contest, reserving his Crosby[1] right to appeal the trial court’s denial of the motion to quash and/or motionj^n arrest of judgment. Before accepting Robinson’s plea of no contest, the trial judge fully Boykinized him. On September 24, 1996, the trial court sentenced Robinson to serve three years in the parish jail without hard labor, two of which were suspended. He now appeals assigning one error.
FACTS
On or about December 2, 1995, Robinson, who was a correctional officer at Allen Correctional Center, unlawfully introduced marijuana into or upon the grounds of the facility. The facility is operated by Wackenhut under an agreement with the State of Louisiana, which owns the facility and land. The facility houses State Department of Corrections prisoners. Robinson was employed by Wackenhut.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. The record contains two errors patent.
The record indicates the trial court did not give Robinson credit toward service of his sentence for time he spent in actual custody prior to the imposition of the sentence. Thus, this court amends the sentence to reflect that Robinson is given credit for time served prior to the execution of the sentence and the case is remanded. The district court is ordered to amend the commitment and minute entry of the sentence to reflect credit for time served in conformity with La.Code Crim.P. art. 880. . See La.Code Crim.P. art. 882(A) and State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.
Additionally, the trial court did not inform Robinson of the three-year time limit for filing post-conviction relief as is required by La.Code Crim.P. art. 930.8. Thus, we also order the district court to inform him of the provisions of Article 930.8 by sending ^appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Robinson received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).
*209 ASSIGNMENT OF ERROR
Robinson claims the offense charged is not punishable under La.R.S. 14:402 since that statute is applicable to state correctional facilities and does not apply to private correctional facilities. Defendant further argues that even if La.R.S. 39:1800.1, et seq., the Louisiana Corrections Private Management Act, is applicable in this case, the crime was not committed “by or with regard to the inmates,” therefore, La.R.S. 39:1800.7(A) would not be applicable to the crime charged. This particular statute provides, in paragraph (A):
Any offense which, if committed at a state or local correctional facility would be a crime, shall be a crime if committed by or with regard to inmates at facilities operated pursuant to a contract under this Chapter.
For the following reasons, Robinson’s contention has no merit.
At the August 26, 1996 hearing on Robinson’s motion, Mr. Otis Kent Andrews, Warden of the Allen Correctional Center, testified that the facility is owned by the State of Louisiana, which contracted with Wackenhut to operate the facility. Wackenhut is a private corporation and is not a subdivision or agent of the State. The employees of Wack-enhut are not accorded state retirement nor other state benefits. Allen Correctional Center houses Louisiana Department of Corrections inmates.
La.R.S. 14:402(A) provides: “No person shall introduce contraband into or upon the grounds of any state correctional institution.” In Robinson’s case, the basis of his claim is that the statute, though possibly valid and applicable in some | circumstances, cannot be utilized to prosecute him because the facility at which he was employed is not a state correctional institution. An allegation constituting a defense to the charged offense, based on the alleged innocence of a defendant, is not a proper ground for a motion to quash. See State v. Edgecombe, 275 So.2d 740 (La.1973), cert. denied, 414 U.S. 1075, 94 S.Ct. 591, 38 L.Ed.2d 482 (1973). However, Robinson is not presenting a defense in his motion to quash, nor is he stating that the statute is generally invalid. Nevertheless, the State waived any objections to the propriety of the grounds in Robinson’s motion by agreeing that such grounds could be presented for review as part of his Crosby plea. Further, La.Code Crim.P. art. 531 mandates that “all pleas or defenses raised before trial ... shall be urged by a motion to quash.” Defendant’s claim could constitute a defense and therefore is proper under the broad language of Article 531.
A motion to quash must be filed before the start of trial. See La.Code Crim.P. art. 535. The motion was filed after the jury was seated and the first witness was called to testify. The State waived its objection to the untimeliness of defendant’s motion by this same agreement.
In support of his argument that La. R.S. 14:402 does not apply to private facilities, Robinson cites State v. Gates, 572 So.2d 247 (La.App. 1 Cir.1990). In that case, the defendant was a state inmate who was a resident of a halfway house, a private correctional facility. He was charged with possession of contraband upon the ground of a state correctional institution. The court ruled that La.R.S. 14:402 “proscribes the possession of contraband only upon grounds of a public correctional institution of the state, i.e., one which the state itself owns or leases, and operates.” Gates, 572 So.2d at 249. The first circuit affirmed the trial court’s ruling granting the defendant’s motion to quash. Gates dealt with a privately owned, privately constructed, and | sprivately operated community rehabilitation center that contracted with the Louisiana Department of Corrections to accept inmates.
Although the defendant in Gates was in a private halfway house, the court noted in a footnote that a community rehabilitation center is a correctional facility. In affirming the granting of the motion to quash, the court relied on the difference between a public and private correctional facility. In its holding, the Gates court concluded:
A reading of LSA-R.S. 14:402 together with the definition of “state” in LSA-R.S. 14:2(10), convinces us that the phrase “state correctional institution” as employed in LSA-R.S. 14:402 B (when given a genu *210 ine construction, according to the fair import of its words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision) refers solely to a public correctional institution owned or leased, and operated by the state.
Id. at 249 (footnote omitted; emphasis added).
Allen Correctional Center is a correctional facility. We conclude that the facility in question is a state correctional institution under the terms of La.R.S. 14:402, and Robinson was properly charged with a violation of the statute.
First, this case is distinguishable from the situation addressed in Gates. While the facility in that case was owned and operated by a private contractor, the Allen Correctional Center is entirely owned by the State, its operating funds are provided (via contract) by the State, and the State retains various levels of administrative control through the terms of the contract. This prison is vastly different from the privately owned halfway house in Gates. Accordingly, the facility is a state correctional facility, despite the fact that.it is operated by a private contractor.
Additionally, we disagree with the first circuit’s conclusion in Gates that La.R.S. 14:402(B) required that the facility be owned (or leased) and operated by the State. The Gates court focused on the meaning of the word “state” in La.R.S. 14:2 in | ^reaching its conclusion. Prior to enactment in its current form, Section B was contained in La.R.S. 14:402(A), which stated, in pertinent part:
It shall be unlawful to introduce or attempt to introduce into or upon the grounds of any correctional or penal institution under the supervision or control of the Board of Institutions of the State of Louisiana or to take or attempt to take or send therefrom any of the following articles which are hereby declared to be contraband for the purposes of this act, ...
Clearly, under the plain wording of this statute, Robinson could have been convicted as charged, for the Allen Correctional Center is certainly under the supervision or control of the State of Louisiana. There was no requirement in Section A that the facility be “owned and operated” by the State, as found by the Gates court. The current version of Section B was created through a revision of prior Section A, which was effected by Act No. 326 of 1977. This act stated, in pertinent part:
It shall be unlawful to introduce contraband into or upon the grounds of any state correctional institution. It shall be unlawful to possess contraband at any state correctional institution or to send contraband from any such facility. Whoever is convicted of a violation of this Section shall be imprisoned at hard labor for not more than three years.
The relevant question is whether the legislature intended to change the meaning of the prior version of La.R.S. 14:402(A) to apply only to “state owned and operated” facilities, or whether the new language contained in Section B was merely an effort to simplify the prior text while retaining the same intent. We conclude that the latter is the case.
The Louisiana Corrections Private Management Act, under which the prosecution alleges the Allen Correctional Center was operated at the time of the offense, was not enacted until 1989, twelve years after the 1977 revision of La.R.S. 14:402. Obviously, for this court to conclude that the legislature intended to alter the meaning of Section 402(A) by its 1977 revision to limit the statute’s reach to only |7those facilities which were owned and operated by the State, certain non-State-owned facilities would have to exist. Otherwise, the alleged intent of the revision would have no applicability. Accordingly, an examination of the legislative history of La.R.S. 14:402 clearly demonstrates that Section B of the statute, as revised in 1977, was not intended to alter the meaning or scope of the statute as it originally existed. Allen Correctional Center is such a state correctional institution; therefore, the trial court correctly determined that Robinson was properly charged under the provisions of La.R.S. 14:402(B).
Robinson further argues La.R.S. 39:1800.7(A) is not applicable to him since it states, “[a]ny offense which, if committed at a state or local correctional facility would be a *211 crime, shall be a crime if committed by or with regard to the inmates. ...” (emphasis added). He asserts that his crime did not involve inmates. The statements of his coworker, found in the record, indicate Robinson was illegally bringing contraband into the prison facility to sell to a particular inmate in order to make extra money. He cannot contest the sufficiency of the State’s evidence. State v. Crosby, 338 So.2d 584 (La.1976). His actions plainly involved inmates and thus the statute is applicable to the him.
DECREE
For these reasons, we affirm defendant’s conviction. This case is remanded to the district court to rectify the errors patent discussed herein.
AFFIRMED.

. State v. Crosby, 338 So.2d 584 (La.1976).