701 So.2d 729 (1997)
STATE of Louisiana
v.
Thaddeus M. BATISTE.
No. 96-KA-2203.
Court of Appeal of Louisiana, Fourth Circuit.
October 22, 1997.
Rehearing Denied December 30, 1997.
*730 Harry F. Connick, District Attorney of Orleans Parish, Richard R. Pickens, II, Assistant District Attorney of Orleans Parish, New Orleans, for State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Defendant.
Before SCHOTT, C.J., and PLOTKIN and CIACCIO, JJ.
PLOTKIN, Judge.
This appeal raises for the first time in this circuit whether a conviction for possession of a firearm by a convicted felon, a felony not enumerated in La. R.S. 14:95.1(A), qualifies to interrupt the ten year cleansing period under La. R.S. 14:95.1(C). The other issue raised on this appeal is whether the state may use prior crimes evidence to suggest that the currently charged crime occurred and also to show the jury that at the time of the defendant's arrest, he was "up to something nefarious."
On May 27, 1994, appellant Thaddeus Batiste was charged with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He was found guilty at a trial by jury and sentenced to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. It is from this conviction that the defendant appeals.
The defendant raises two assignments of error on appeal. By his first assignment, defendant argues that the trial court erred in not granting a mistrial on its own motion when the State improperly presented other crimes evidence to suggest both that the defendant committed the present crime and that defendant was "up to something nefarious" at the time he was arrested. By his second assignment of error, he argues that the trial court erred in denying his oral motion to quash filed immediately before trial. The motion was based on two points: that the cleansing period of ten years had elapsed since the discharge on the most recent predicated enumerated in La. R.S. 14:95.1(A) and that the State could not use the prior convictions for being a convicted felon in possession of firearm because they were not enumerated in the La. R.S. 14:95.1(A).

FACTS:
On the evening of February 28, 1994, Officer Christopher Harris was on routine patrol with his partner, Ronald White, in the 2500 block of Esplanade. At about 11:30 p.m., Officer Harris observed the defendant, who was at the bus stop across the street, take a pager off of his belt and raise his arms to look at it. When the defendant raise his arms, his jacket rose revealing the butt of a handgun tucked into his waistband. Officer Harris then advised his partner to stop the vehicle near the defendant. The officers crossed the street, exited their vehicle and Harris took possession of the gun. Next, they checked the defendant's name through the National Crime Information Center and discovered that the defendant had been convicted of a felony enumerated in La. R.S. 14:95.1(A) and the subsequent carrying of a concealed weapon by the defendant was therefore prohibited. As a result, the defendant was arrested for carrying a concealed weapon.
Officer Keith Arnold of the Criminal Records Division testified that the fingerprints of the defendant matched those in the arrest records of the person convicted of the prior felonies alleged in the Bill of Information. The defendant was convicted in 1990 of possession of a firearm by a convicted felon in CDC # 343-558. He was convicted in 1983 of possession of a firearm by a convicted felon in CDC # 296-729. He was convicted in 1974 in Plaquemines Parish in case # 365-15 for aggravated burglary. Lastly, he was convicted in 1969 in CDC # 209-577 for attempted simple robbery. Officer Arnold produced *731 fingerprints and certified copies of the conviction documents. Defense counsel stipulated to Officer Arnold's expertise as a fingerprint analyst and did not object to the introduction of the prior crimes as evidence.
The defendant testified that he never had the gun on him, and that he never saw the weapon until it was produced by the State at trial. On cross-examination, the defendant admitted to the prior convictions put forth by the State in its case-in-chief, and that he had also been convicted of attempted manslaughter in connection with the aggravated burglary. He admitted that there was a weapon involved in the manslaughter conviction, but denied using it.

ERRORS PATENT REVIEW:
A review of the record for errors patent reveals that the sentence imposed is illegally lenient. At the time of the defendant's present offense, the penalty for violation of La. R.S. 14:95.1 was imprisonment for not less than three nor more than ten years without benefit of probation, parole or suspension of sentence and a fine of not less than one thousand dollars nor more than five thousand dollars. The court did not impose the mandatory fine. However, because this error is favorable to the defendant and was not raised by the State, it may not be corrected on appeal. State v. Fraser, 484 So.2d 122, 125 (La.1986).
There were no other errors patent.

ASSIGNMENT OF ERROR 1:
The defendant argues that the trial court erred in not granting a mistrial sua sponte when the State improperly used evidence of the defendant's prior convictions to suggest that the present crime occurred and that the defendant was "up to something nefarious" at the time he was arrested. Furthermore, the defendant alleges that he agreed to stipulate to the prior felony convictions rather than allow them to be admitted into evidence. The record does not reflect any such stipulation. Also, there is no indication in the record that defendant contemporaneously objected to the admission of his prior convictions as evidence. To preserve a matter for appeal, such an objection must be made. La. C.E. art. 103(A); La.C.Cr.P. art. 841. Regardless, we shall address the defendant's argument.
At the time of the offense, La. R.S. 14:95.1(A) stated, in pertinent part,
It is unlawful for any person who has been convicted of ... aggravated or simple burglary,... simple robbery, ..., or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, ... to possess a firearm or carry a concealed weapon.
The Supreme Court of Louisiana articulated the elements of this crime as (1) possession of a firearm; (2) conviction of an enumerated felony; (3) absence of a ten year statutory period of limitation; and (4) general intent to commit the offense. State v. Husband, 437 So.2d 269, 271 (La.1983); See also, State v. Woods, 654 So.2d 809, 811-812 (La.App. 4th Cir.1995), writ denied, 657 So.2d 1035 (La. 1995); State v. Brown, 496 So.2d 417, 419 (La.App. 4th Cir.1986). Thus, when prosecuting someone for the crime of possession of a firearm by a convicted felon, the State must prove that the defendant is indeed a convicted felon. State v. Sanders, 357 So.2d 492, 493 (La.1978); State v. Bullock, 604 So.2d 715, 719 (La.App. 4th Cir.1992), writ dismissed, State ex rel. Bullock v. State, 642 So.2d 1275 (La.1994).
The defendant argues that the trial court erred in permitting testimony regarding his prior convictions. First, it should be noted that the defendant testified on his own behalf at trial. He admitted to being convicted of all of the predicate felonies on cross-examination. This was done without objection by his attorney.
In State v. Wilson, 454 So.2d 383, 390 (La.App. 4th Cir.1984), writ denied, 457 So.2d 1200 (La.1984), this Court found that evidence of prior convictions elicited on cross-examination was necessary evidence for the State to prove that the defendant was a convicted felon. In State v. Taylor, 662 So.2d 69, 74 (La.App. 4th Cir.1995), this Court also found no error when the trial court allowed other crimes evidence in a prosecution for possession of a firearm by a convicted felon. In that case, the defendant alleged that reversible error was committed when the prosecutor referred to the defendant *732 as a "convicted felon." The defendant argued that this was impermissible other crimes evidence. We found no merit in that argument because the defendant's status as a convicted felon is an element of the crime of possession of a handgun by a convicted felon. As such, prior convictions should not and cannot be excluded under the Prieur doctrine or the State would never be able to successfully prosecute this offense.
Also, the Supreme Court of Louisiana held in State v. Sanders, 357 So.2d at 494, that the use of more than one prior conviction is permissible and does not violate the Prieur doctrine. The court noted that all prior convictions were admissible as proof of an essential element of the crime charged:
Evidence of both of defendant's previous felony convictions was admissible at trial as proof of an element of the crime charged and the manner in which the present offense was committed, proof of either prior conviction being sufficient to support defendant's conviction for the present offense. Hence, the trial judge properly permitted introduction in evidence of both of defendant's previous felony convictions. Id.

Therefore, we find the argument that the State used impermissible other crimes evidence to show that the defendant committed the present offense and was "up to something nefarious" at the time of his arrest to be without merit.

ASSIGNMENT OF ERROR 2:
The appellant further contends that the trial court erred in its denial of the motion to quash filed immediately prior to trial. Counsel argued two points in the oral motion: (1) the cleansing period of ten years had elapsed from the discharge on the most recent predicate enumerated in the statute; and (2) the State could not use the prior convictions for possession of a firearm by a convicted felon as predicates because this particular crime is not enumerated in the statute.
La.C.Cr.P. art. 536 provides:
A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.
The appellant's motion was filed orally. The trial court entertained the arguments of counsel and noted that it was permitting the defense to substitute a written motion. The record contains no written motion to quash. Even if the motion was properly filed, the arguments of the appellant are without merit, as discussed below.
On February 28, 1994, the date of the offense, La. R.S. 14:95.1(C)(1), in pertinent part, read as follows:
The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence. (emphasis added).
The only reported case on this issue is State v. Badie, 626 So.2d 46 (La.App. 1st Cir.1993). In that case, the defendant was convicted twice for simple burglary, in 1973 and 1976. Badie received a discharge for both of those convictions on October 19, 1977. On November 6, 1985, Badie was convicted of possession of a firearm by a convicted felon. On August 5, 1991, Badie was again charged with possession of a firearm by a convicted felon. Badie moved to quash the 1991 felony-firearms charge on the ground that it had been over ten years since his release on the enumerated offenses, and that the prior felony-firearms charge could not serve to interrupt the ten-year cleansing period because it was not an enumerated offense. The State rebutted this argument claiming that even though the crime of convicted felon in possession of a firearm is not specifically enumerated, it still qualifies as "any" felony. The court adopted the reasoning of the prosecution and held that the ten year cleansing period was interrupted in 1985 when the defendant was convicted of the first felony-firearms charge.
*733 The Badie court noted that criminal statutes are to be strictly construed, citing State v. Freeman, 411 So.2d 1068 (La.1982). However, the court also noted that the provisions of the articles in the Code should be given "a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." State v. Badie, 626 So.2d at 48; citing La. R.S. 14:3.
The court then held:
[I]f a person previously convicted of one of the enumerated felonies is convicted of "any felony" (even if not an enumerated felony) within the ten year period following completion of the sentence, probation, parole, or suspension of sentence, the ten year period of La.R.S. 14:95.1(C)(1) is interrupted. If less than ten years has passed since the completion of the sentence for the intervening felony, the state may prosecute the defendant under La. R.S. 14:95.1.
Id. at 48. We believe the First Circuit's holding in Badie is correct; the statute unequivocally contemplates that any felony, not merely an enumerated felony, will interrupt the ten year cleansing period.
The defendant in the instant case was convicted of attempted simple robbery in 1969 and aggravated burglary in 1974, both of which are enumerated offenses. He was sentenced to nine years for the 1974 conviction. The intermediate convictions, in 1983 and 1990, for being a convicted felon in possession of a firearm, though not offenses enumerated in the statute, interrupted the cleansing period provided by La. R.S. 14:95.1(C)(1). Thus, the defendant was in violation of La. R.S. 14:95.1 when he was apprehended while in possession of a firearm.
For the foregoing reasons, we find that the trial court did not err when it allowed proof of the defendant's prior convictions to be entered into evidence. We also find that the ten year cleansing period provided in La. R.S. 14:95.1(C)(1) is interrupted by any felony, not only the enumerated felonies of La. R.S. 14:95.1(A). Therefore, the defendant's conviction and sentence are affirmed.
AFFIRMED.