708 So.2d 1166 (1998)
STATE of Louisiana
v.
Robert SMITH.
No. 97 KA 0782.
Court of Appeal of Louisiana, First Circuit.
February 20, 1998.
Aaron D. Brooks, Asst. Dist. Atty., Baton Rouge, for State of Louisiana.
Aidan Reynolds and Lewis O. Unglesby, Baton Rouge, for Defendant-Appellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
*1167 SHORTESS, Judge.
Robert Smith (defendant) was charged by bill of information with two counts of filing false public records (counts 1 and 2) and one count of perjury (count 3), La. R.S. 14:133 and 14:123, respectively. Defendant filed a motion to quash counts one and two of the bill of information on the grounds they alleged conduct not proscribed by Louisiana Revised Statute 14:133 at the time of the alleged offenses.[1] Following a hearing on January 15, 1997, the trial court granted the motion to quash.
The State initially sought review of that judgment through an application for supervisory writs. However, on February 6, 1997, the State obtained an order for an out-of-time appeal and, on the same day, filed a motion to dismiss its writ application.[2] This court granted the motion to dismiss. On appeal, the State's sole assignment of error is that the trial court erred in granting defendant's motion to quash on the ground that at the time of the alleged offenses, Revised Statute 14:133(A)(3) was "limited to the filing of documents related to the Louisiana Medical Assistance Program."

Assignment of Error
The bill of information in this case charges that on March 20, 1992, defendant filed two Statements and Affidavits of Registration of Foreign Partnership with the Secretary of State with knowledge they contained false representations of a material fact, violations of Revised Statute 14:133(A)(3). In answer to the defense's motion for a bill of particulars, the State indicated the false representations concerned a "[t]ax number or statement of being a general partner."
At the time of the alleged offenses, Revised Statute 14:133 provided, in pertinent part:
A. Filing false public records is the filing or depositing, with knowledge of its falsity:
. . . .
(3) Of any false statement or false representation of a material fact made or caused to be made on any document required to be submitted or maintained by any state law, regulation, or rule governing the Louisiana Medical Assistance Program, where such false statement or false representation is made with the intent to violate such law, regulation, or rule.
(Emphasis added.) The basis of defendant's motion to quash is his contention that the alleged offenses were not punishable under Revised Statute 14:133(A)(3) because at the pertinent time that provision pertained only to documents required to be submitted or maintained in connection with the Louisiana Medical Assistance Program by a state law, regulation, or rule. In other words, defendant argues that, although the use of the language "state law, regulation, or rule" is unquestionably disjunctive,[3] the phrase "governing the Louisiana Medical Assistance Program" *1168 applies to all three situations. Defendant argues "governing" is a participle that modifies "state law, regulation, and rule." The State acknowledges in brief that the documents that gave rise to these charges have no connection with the Louisiana Medical Assistance Program. However, the State interprets Revised Statute 14:133(A)(3) to apply to any document required to be submitted or maintained by a rule governing the Louisiana Medical Assistance Program, or any state law, or any regulation.
The interpretation of articles of the Louisiana Criminal Code is governed by Revised Statute 14:3, which provides as follows:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
It is well established that criminal statutes are to be strictly construed. State v. Freeman, 411 So.2d 1068, 1072 (La.1982). Courts are not empowered to extend by analogy the terms of a criminal provision to cover conduct not included within the definition of a crime. Any doubt as to the extent of the coverage of a criminal statute must be decided in favor of the accused and against the State. State v. Gates, 572 So.2d 247, 249 (La.App. 1st Cir.1990).
Examining Revised Statute 14:133(A)(3) in light of these precepts, we must agree with defendant's contention that, at the time of the alleged offenses, it was applicable only to documents required to be submitted or maintained in connection with the Louisiana Medical Assistance Program. The State argues that "any state law, regulation, or rule governing the Louisiana Medical Assistance Program" should be read to apply to any state law or regulation or rule governing the Louisiana Medical Assistance Program. This interpretation is not unreasonable. However, defendant's interpretation is also reasonable. Given this ambiguity, Revised Statute 14:133(A)(3) must be strictly construed, with any doubt as to its coverage being resolved in favor of defendant. See Gates, 572 So.2d at 249.
This result is supported by the legislative history of 14:133, which was amended and rewritten by Act No. 676 of 1982. Prior to this amendment, the crime of filing false public records was limited to the filing or depositing of forged or wrongfully altered documents.[4] The preamble of Act 676, which added subsection (A)(3) to Revised Statute 14:133, indicated the purpose of the amendment was "[t]o amend and reenact R.S. 14:133, relative to the crime of filing false public records, to include in such crime certain documents relating to the Louisiana Medical Assistance Program, to provide for penalties and an affirmative defense, and to provide for related matters." (Emphasis added.) The stated purpose of the amendment bolsters defendant's argument that Revised Statute 14:133(A)(3) originally was directed toward documents relating to the Louisiana Medical Assistance Program. This position is further strengthened by the subsequent amending of 14:133(A)(3) to encompass "[a]ny document containing a false statement or false representation ...," thus implying the scope of the provision previously was more restricted. La.R.S. 14:133(A)(3), as amended by 1992 La. Acts No. 539.
The conduct defendant is alleged to have committed clearly would be proscribed by the broad language of 14:133, as amended in 1992 by Act 539. However, this act did not become effective until August 21, 1992. The date of defendant's alleged offenses is March 20, 1992, well before the effective date of this amendment.
In any event, since any doubt existing as to the proper interpretation of Revised Statute 14:133(A)(3) must be considered in light *1169 of the principal of lenity, we are compelled to conclude that defendant's alleged conduct did not clearly fall within the ambit of filing false public records as defined by 14:133 at that time. Accordingly, the judgment of the trial court granting defendant's motion to quash counts one and two is affirmed.
AFFIRMED.
NOTES
[1] Defendant filed a separate motion to quash count three of the bill of information. Although the trial court also granted that motion, which was based on different grounds than the present motion, the State has not raised any issue in this appeal relating to the quashing of count three.
[2] Louisiana Code of Criminal Procedure article 915 requires an appeal to be taken no later than five days after the rendition of the judgment or ruling from which the appeal is taken. In his brief to this court, defendant argues the State's appeal is untimely and should be dismissed because it was not taken within five days of the trial court's January 15, 1997 ruling. Initially, we note defendant has not properly raised this issue before this court, since he failed to file a motion to dismiss the State's appeal. Moreover, although the State did not file a motion for appeal within the prescribed five-day period, the State filed its writ application within two days of the trial court's ruling, which put defendant on notice the State intended to seek review of the court's ruling. Compare In re Howard, 541 So.2d 195 (La.1989). Additionally, the State thereafter obtained an order for an out-of-time appeal. Accordingly, defendant's argument that this appeal should be summarily dismissed is without merit.
[3] Code of Criminal Procedure article 6 provides, in pertinent part:

Unless the context clearly indicates otherwise:
. . .
(2) The word "or" indicates the disjunctive;
. . .
(4) The word "and" or "or" between the last two items in a series applies to the entire series.
[4] Prior to its amendment by 1982 La. Acts No. 676, Revised Statute 14:133 provided, in pertinent part, as follows:

Filing false public records is the filing or depositing, with knowledge of its falsity, of any forged or wrongfully altered document, for record in any public office or with any public officer.