bKUHN, Judge.
This matter is before us again after this court, in an unpublished opinion, remanded for the receipt of additional evidence, a petition for judicial review filed by claimant-inmate, Leon Peralla. After a hearing on the order of remand, the trial court affirmed the determination of the Department of Public Safety and Corrections (“DPSC”), denying claimant eligibility for diminution of sentence for good behavior. We affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
Claimant is a prisoner serving a sentence in the custody of DPSC. On February 9, 1995, claimant instituted this petition pursuant to the Corrections Administrative Remedy Procedure (“ARP”), set forth in La. R.S. 15:1177, seeking judicial review of a denial by DPSC of his request for diminution of sentence for good behavior (also colloquially referred to as “good time”). On the recommendation of the Commissioner for the Nineteenth Judicial District Court, the trial court affirmed DPSC’s denial. Thereafter, claimant appealed to this court urging that the trial court erred in failing to consider the additional evidence of a transcript of his 1985 conviction evincing that the charge to which he plead guilty was simple burglary of an inhabited dwelling pursuant to La. R.S. 14:62.2, and not a simple burglary pursuant to La. R.S. 14:62, as DPSC records indicated. In an unpublished opinion, Perella v. Hebert, 96-0264 (La.App. 1st Cir. 11/8/96), 686 So.2d 172, this court stated:
[w]e believe that the evidence presented by [claimant] during the administrative proceeding puts into question the accuracy of the records received by [DPSC] concerning his 1985 conviction. Furthermore, the record indicates no disposition was made of [claimant’s] traversal of the Commissioner’s recommendation, nor did the trial court consider the transcript of the 1985 conviction.
This court reversed the trial court’s affir-mance of DPSC’s denial of claimant’s request for good time, and the matter was remanded for consideration of the additional evidence.
_J¡After a hearing on remand, in his written recommendation to the court, the commissioner noted:
The original issues of the first hearing appear now to have been slightly altered. Both [DPSC and claimant] agree that [claimant] is currently serving a sentence for a 1992 conviction for the charge of simple burglary of an inhabited dwelling. He was charged under the habitual offender law [La. R.S. 15:529.1] based on prior convictions from 1988 of possession of stolen property and a March, 1985 of simple burglary of an inhabited building.
After a consideration of the 1985 conviction in light of the additional evidence correctly showing it to be one for simple burglary of *315 an inhabited dwelling, the commissioner once again recommended DPSC’s denial of claimant’s request for diminution of sentence be affirmed. By judgment, dated April 22, 1997, the trial court dismissed claimant’s petition for judicial review. From that judgment, claimant appeals, urging the trial court’s conclusion is erroneous.
II. ISSUE
The sole issue for our consideration is whether La. R.S. 15:571.3(0 disallows the diminution of the sentence of an inmate who has been convicted of one of the crimes enumerated in Subpart (1) of §571.3(C) when that enumerated offence did not form a part of the predicate for conviction under the Habitual Offender Law.[1]
JiDISCUSSION
Louisiana Revised Statutes Title 15, section 571.3(C) provides in pertinent part:
Diminution of sentence shall not be allowed an inmate in the custody of [DPSC] if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following [statutorily enumerated] crimes..., and
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime ... committed on or after September 10,1977.
The parties do not dispute that claimant was convicted in 1985 for a drug charge in violation of La. R.S. 40:969, which is an enumerated offense contained in subparagraph (r) of §571.3(0(1); that he was sentenced as habitual offender under the Habitual Offender Law in October 1993; and that claimant’s last conviction for purposes of the Habitual Offender Law was for a crime committed after September 1977. Likewise, it is undisputed that claimant’s 1985 drug conviction was not used as a basis for his sentence under the Habitual Offender Law.
Claimant urges that implicit in §571.3(C) is a requirement that the enumerated offense in subpart (1), for which an inmate has been convicted, be one of the underlying bases for the enhanced sentence under the Habitual . Offender Law. DPSC’s position is that absent an express requirement within the provisions of §571.3(C), it is required to deny a request for diminution of sentence when subparts (1), (2) and (3) have been met. Because claimant has met all the express requirements mandating disallowance of diminution of sentence, DPSC denied claimant’s request.
[sit is well-settled that criminal statutes are to be strictly construed. State v. Smith, 97-0782, p. 4 (La.App. 1st Cir. 2/20/98); 708 So.2d 1166, 1168. Nevertheless, when a statute is clear and free from ambiguity, it must be given effect as written. La. C.C. art. 9; La. R.S. 1:4. Using these rules of interpretation to evaluate the language of §571.3(C), we believe the statute requires only that an inmate have been convicted one or more times of one of the enumerated crimes set forth in subpart (1); that the inmate have been sentenced as a habitual offender under La. R.S. 15:529.1; and that the last conviction for purposes of the Habitual Offender Law was for a crime committed after September 1977.
If the legislature had intended, as claimant suggests, that the enumerated crime for which an inmate has been convicted form a basis for the inmate’s sentencing as an habitual offender, it could have easily included a phrase relating the sentencing of the inmate as a habitual offender in subpart (2) to the conviction of the enumerated offense in sub- *316 part (1). We decline to read such an implicit requirement in §571.3 (C). Finding no ambiguity in the plain language of this statute as written, we are, as was the trial court, duty-bound to apply §571.3(C) as written. Accordingly, we find no error in the trial court’s dismissal of claimant’s petition for judicial review.
IV. DECREE
The trial court’s April 22, 1997 judgment, dismissing the petition for judicial review of Leon Peralla, is affirmed. All costs of this appeal are assessed against claimant.[2]
AFFIRMED.
WEIMER, J., concurs.

. The Habitual Offender Law is set forth at La. R.S. 15:529.1, providing in part:
A. (1) Any person who, after having been convicted within this state of a felony, ... thereafter commits any subsequent felony within this state, upon conviction of said felony shall be punished as follows... .
Section 529.1 thereafter provides for enhanced sentences under specified conditions. We parenthetically note that a habitual offender bill of information charging that defendant has previously been convicted of one of more felonies does not charge a substantive crime, but, rather, such a proceeding is merely part of sentencing and allows enhanced penalties for repeat offenders. State v. Banks, 612 So.2d 822, 825 (La.App. 1st 1992), writ denied, 614 So.2d 1254 (La.1993).

. Although appellant’s suit was brought in forma pauperis, the costs of an unsuccessful appeal may be assessed against him. Gibson v. Barnes, 597 So.2d 176, 178 (La.App. 1st Cir.1992).