357 So.2d 492 (1978)
STATE of Louisiana
v.
Clarence SANDERS.
No. 60662.
Supreme Court of Louisiana.
March 6, 1978.
Rehearing Denied April 6, 1978.
Concurring Opinion April 11, 1978.
Bernard E. Fulghum, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Timothy W. Cerniglia, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Clarence Sanders was charged in the same information in separate counts for the offenses of (1) possession of a firearm after having previously been convicted of a felony and (2) carrying a concealed weapon after having previously been convicted of a felony, in violation of La.R.S. 14:95.1. After trial by jury, defendant was found guilty of carrying a concealed weapon after having previously been convicted of a felony and not guilty of the count involving the charge of illegal possession of a firearm. He was sentenced to serve five (5) years at hard labor with credit given toward service of his sentence for time spent in actual custody prior to imposition of sentence.[1] On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence.

*493 ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to quash the bill of information in which he alleged, inter alia, that the statute under which he was charged was unconstitutional in that it impermissibly infringed on his right to keep and bear arms guaranteed in the federal and state constitutions. He argues that, having completed state supervision for his previous felony convictions, he has been restored to full rights of citizenship under the state constitution.
The identical contention asserted by defendant was previously considered by this court in State v. Amos, 343 So.2d 166 (La. 1977), and, for the reasons assigned therein, is without merit.
In brief to this court, defendant contends that La.R.S. 14:95.1 violates the state constitution in that it in no way limits the period of time during which a previously convicted felon is prohibited from possessing a firearm or carrying a concealed weapon. He further argues that the statute unreasonably differentiates between a previously convicted felon and a citizen with no criminal record by imposing on a previously convicted felon a penalty for possession of a firearm or carrying a concealed weapon.
It is well settled that a new basis for an objection cannot be raised for the first time on appeal. La.Code Crim.P. art. 841; State v. Gardette, 352 So.2d 212 (La.1977); State v. Sockwell, 337 So.2d 451 (La.1976); State v. Powell, 325 So.2d 791 (La.1976). In any event, defendant's contentions are without merit. La.R.S. 14:95.1 C(1) provides that the provisions of the statute shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence. Hence, the period of time during which a previously convicted felon may be prosecuted for possession of a firearm or carrying a concealed weapon is limited, contrary to defendant's assertion. Furthermore, this court has recognized that it is reasonable for the legislature in the interest of public welfare and safety to regulate the possession of firearms for a limited period of time by citizens who have committed certain specified serious felonies. State v. Amos, supra.
For the above reasons, we conclude that the trial judge did not err in denying defendant's motion to quash the bill of information.
Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 2, 3, 4 AND 5
In these assignments of error, defendant contends the trial judge erred in permitting the state to introduce, over defense objections and motion for mistrial, evidence of more than one of defendant's prior convictions for certain felonies enumerated in La. R.S. 14:95.1.
La.R.S. 14:95.1 A provides:
It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
An essential element of the crime defined in the above statute is a defendant's prior conviction for one of the enumerated felonies. In the instant case, defendant was previously convicted of attempted simple burglary in 1970 and armed robbery in 1961, both of which are felonies which appear in the above statutory enumeration. The instant offense occurred within a ten-year period from the date of *494 completion, probation, parole or suspension of defendant's sentences imposed for his two previous felony convictions. La.R.S. 14:95.1 C(1). Defendant, therefore, committed the offense of carrying a concealed weapon proscribed by La.R.S. 14:95.1 in one or both of two ways, i. e., after being previously convicted of (1) attempted simple burglary and (2) armed robbery. The state correctly charged defendant conjunctively in a single count of the bill of information with the two ways in which the crime of carrying a concealed weapon as a previously convicted felon was committed. La.Code Crim.P. art. 480. Evidence of both of defendant's previous felony convictions was admissible at trial as proof of an element of the crime charged and the manner in which the present offense was committed, proof of either prior conviction being sufficient to support defendant's conviction for the present offense. Hence, the trial judge properly permitted introduction in evidence of both of defendant's previous felony convictions.
These assignments of error lack merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
I am not prepared to say, or imply, that the state in a prosecution such as this may unrestrictedly present evidence of a defendant's multiple prior felonies. In this case, however, the trial judge wisely held a hearing outside the presence of the jury and apparently excluded proof of one of the three prior felonies which the state sought to introduce. On this record and in light of the judge's obvious concern to avoid undue prejudice to the defendant, I concur in the result herein.
NOTES
[1] Defendant was subsequently charged by bill of information as an habitual offender under La.R.S. 15:529.1. The trial judge granted defendant's motion to quash the habitual offender bill and the state applied to this court for review of the ruling. The ruling of the trial judge was upheld by this court. State v. Sanders, 337 So.2d 1131 (La.1976).