598 So.2d 719 (1992)
STATE of Louisiana
v.
Reese D. BREAUX.
No. 91-KA-0061.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Rehearing Denied June 17, 1992.
*720 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Daniel A. Claitor, New Orleans, for defendant-appellant Reese D. Breaux.
Before WARD and ARMSTRONG, JJ., and EASON, J. Pro Tem.
ALVIN R. EASON, Judge Pro Tem.
This matter comes on appeal from the Criminal District Court of Orleans Parish. The defendant appellant was found guilty of the crime of a convicted felon in possession of a firearm. LSA-R.S. 14:95.1. He was sentenced to the maximum term of 10 years at hard labor without benefits of parole, suspension or probation.
The defendant appellant contends that the conviction should be reversed on these grounds:
(1) Failure to suppress evidence;
(2) Failure to quash bill of information;
(3) Use of "scientific" evidence after the district attorney indicated in his response to the bill of particulars there would be no use of scientific evidence;
(4) Improper prejudicial argument by the district attorney; and
(5) The sentence was excessive.
The basis of the Motion to Suppress the Evidence (the gun) is without merit. The defendant abandoned the gun by throwing it under a house in a white plastic bag. Actually the question of possession was up to the trier of the facts. The jury found he had possession.
The bill of information was amended to show that the defendant was found guilty of prior felonies. The defendant contends that the district attorney "piled it on" to the prejudice of the defendant. State v. Sanders, 357 So.2d 492 (La.1978). In that case Justice Marcus said, "Evidence of both of defendant's previous felony convictions was admissible at trial ..." 357 So.2d at 494. Chief Justice Calogero, in a concurring opinion said, "On this record and in light of the judge's obvious concern to avoid undue prejudice to the defendant, I concur in the result herein". Id. Thus, this issue is without merit. State v. Camp, 517 So.2d 1202 (La.App. 4th Cir.1987).
The use of so called "scientific" testing was clearly correct. The defendant, through his counsel, argued that the arrest registers of the defendant had to be used to prove his prior convictions along with fingerprints of the defendant taken in open court by a fingerprint expert from the New Orleans police department to identify the defendant. This cannot be deemed as a concealed scientific test which prejudiced the defendant, since it is part of the evidence required to be produced in this type of case.
The defendant contends that the district attorney's reference to the size of the gun, a 45 caliber semi-automatic, that the gun had threads on the end of the barrel and that the gun's serial number had been obliterated were prejudicial. Although the defense attorney objected to the *721 statements, he did not request an admonition or a mistrial. La.C.Cr.P. art. 771. When the trial court sustains a defendant's objection to remarks made by the State and the defendant fails to request an admonition or mistrial, the defendant cannot raise a claim on appeal that the comment was prejudicial. State v. Baylis, 388 So.2d 713 (La.1980). Thus, the issue is without merit.
The contention that sentence was excessive is likewise without merit. The trial judge followed the sentencing guidelines set out in La.C.Cr.P. art. 894.1, and since the defendant had four prior felony convictions, the maximum sentence of 10 years at hard labor without benefit of parole, probation or suspension of sentence was proper under these circumstances. As the trial judge so wisely put it, "A lesser sentence would deprecate the seriousness of the crime."
AFFIRMED.