MARC E. JOHNSON, Judge.
 

 12The Defendant, Daniel J. Ronquille, appeals his conviction of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. We affirm.
 

 The Defendant was charged with the crime in November of 2006. He was arraigned and pled not guilty. On April 16, 2007, before the trial began, the State amended the bill of information to add a second predicate felony. Trial was held on April 16 and 17, 2007 before a 12-person jury. He was found guilty as charged.
 

 
 *824
 
 On May 7, 2007, the trial judge sentenced the Defendant to imprisonment at hard labor for 14 years without benefit of parole, probation, or suspension of sentence. On April 7, 2008, the Defendant filed an untimely pro se motion for appeal. He subsequently filed an application for post-conviction relief seeking an out-of-time appeal that was granted.
 

 The evidence at trial shows that on February 15, 2006, the Defendant went to B.J.’s Pawn Shop in Gretna, Louisiana, with a CZ rifle that he wanted to pawn. Danny Rees, the manager, testified that he remembered the rifle. |sCoincidentally, a few weeks before, a friend told him that if he ever came upon one for sale, he would be interested in buying it.
 

 After checking the Defendant’s driver’s license, Rees scanned the driver’s license onto the pawn shop receipt. The pawn shop receipt included the serial number of the CZ rifle. That information was provided to the Jefferson Parish Sheriffs Office (JPSO) so they could verify that the weapon had not been stolen.
 

 Two months later, in April of 2006, Agent Wyatt Evans of the Bureau of Alcohol, Tobacco, and Firearms (ATF) learned that the Defendant had pawned a gun even though he was still within ten years after his parole. On April 19, 2006, Agent Evans went to the pawn shop and asked Rees if he remembered a transaction involving a CZ rifle. Rees responded affirmatively. Agent Evans subsequently showed Rees a photographic lineup, and Rees immediately identified the Defendant as the man who pawned the rifle. Pursuant to Agent Evans’ request, Rees kept the rifle in his possession.
 

 Jill Ott, an employee of the Department of Corrections, Division of Probation and Parole, testified that she was the Defendant’s parole officer starting in March of 2000. She supervised the Defendant after he was released from prison on a simple burglary conviction and an aggravated burglary conviction. She stated that the Defendant had been released from prison in February of that year. When she met him, the Defendant was newly on parole for the aggravated burglary case, and was still on parole for the simple burglary conviction.
 

 Ott testified that, shortly before the Defendant was released from prison, he signed a “Diminution of Sentence” form which informed him he would not be released until he agreed to all of the conditions of release. Condition number ten on that form provided, “I shall not have in my possession or control any firearms or danger [sic] weapons.” The “Diminution of Sentence” form also required the | ¿Defendant to remain under supervision until his parole expired on September 27, 2001. Ott testified that the Defendant completed supervision on both cases. Af-terwards, the State mailed the Defendant a “closure” letter dated November 15, 2001 to an address provided by the Defendant explaining that he had completed his term of supervision. Paragraph 4 of that letter also provided, “since your conviction included an offense outlined in R.S. 14:95.1, this restoration does not restore to receive, possess, or transport a firearm; your right to bear firearms will automatically be restored 10 years from the date you complete this sentence.” Ott said that she normally instructed parolees that if they were going to be living with family members or friends who had weapons, the weapons had to be removed by someone other than the parolees.
 

 Lieutenant Luis Mungia, an expert latent fingerprint examiner with the JPSO, testified that the fingerprints he took from the Defendant on March 13, 2007 matched those contained within the documents on the simple burglary conviction and those
 
 *825
 
 taken from the Defendant on March 30, 2000, when he went on probation and parole for both prior convictions.
 

 After the State rested its case, the Defendant called his parents as witnesses. The Defendant’s father, Daniel Ronquille, Sr., testified that the CZ rifle was the property of his deceased grandson, Daniel. Daniel had lived with him and his wife, Sandra, from age two until he died at age 19 after shooting himself in the stomach. Ronquille stated that the CZ rifle was Daniel’s most cherished possession. After Daniel’s death, the Ronquilles stored the rifle out of their sight in Daniel’s room. After Hurricane Katrina, they went to live with their nephew, and the CZ rifle was placed in the hallway closet at his nephew’s house. Ronquille also kept his tools there, and got very upset every time he went into the closet. Ronquille testified that eventually he “couldn’t take it anymore,” and felt he had to “get rid of’ the |sgun. He did not do anything about it, but one day noticed the gun was missing. When he asked, his wife told him that she had asked the Defendant to dispose of the gun because it was “killing” the Defendant’s father.
 

 Sandra Ronquille corroborated Ronq-uille’s testimony. She testified that it never entered her mind that the Defendant could not dispose of the gun because he was a convicted felon.
 

 On appeal, the Defendant asserts that the evidence was insufficient to sustain a conviction for felon in possession of a firearm, where no evidence was introduced by the State to show that the Defendant did not have a permit for the weapon, which is a specific exception to the crime. He further asserts that the trial court abused its discretion in allowing the State to amend the bill of information to add a second felony predicate to the charge of being a felon in possession of a firearm.
 

 The Defendant first argues that the evidence was insufficient to sustain the conviction because the State did not introduce evidence to show that he did not have a permit for the weapon. The State responds that it was not required to prove that the Defendant did not possess a permit.
 

 In
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the U.S. Supreme Court stated that the evidence is sufficient for a conviction if the conviction was based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.
 
 Jackson,
 
 443 U.S. at 319, 99 S.Ct. at 2789;
 
 State v. Ortiz,
 
 96-1609, p. 12 (La.10/21/97), 701 So.2d 922, 930,
 
 cert. denied,
 
 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998);
 
 State v. Polizzi,
 
 05-478, p. 9 (La.App. 5th Cir.2/14/06), 924 So.2d 303, 310.
 

 |fiLa. R.S. 14:95.1 states:
 

 A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has
 
 *826
 
 been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
 
 [1]
 

 B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
 

 C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
 

 (1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
 

 (2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
 

 (3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Section. |7P. For the purposes of this Section, “firearm” means any pistol, revolver, rifle, shotgun, machine gun, submachine gun, black powder weapon, or assault rifle which is designed to fire or is capable of firing fixed cartridge ammunition or from which a shot or projectile is discharged by an explosive.
 
 [2]
 

 In order to convict a defendant of violating La. R.S. 14:95.1, the State must prove that the defendant was in possession of a firearm and is a convicted felon.
 
 State v. Johnson,
 
 03-1228, p. 5 (La.4/14/04), 870 So.2d 995, 998. The State must also prove that ten years has not elapsed since the date of completion of the punishment for the prior felony conviction.
 
 State v. Crawford,
 
 03-1494, p. 26 (La.App. 5 Cir. 4/27/04), 873 So.2cl 768, 784,
 
 writ denied,
 
 04-1744 (La.5/6/05), 901 So.2d 1083. General intent is required to commit this crime.
 
 Id.
 

 There is an exception to the prohibition. Under La. R.S. 14:95.1 C(2), a defendant that obtains a permit from the State is allowed to possess a weapon.
 
 [3]
 
 The sheriff then notifies the Department of Public Safety of the issuance of the permit. La. R.S. 14:95.1 C(3).
 

 The Defendant does not dispute that he pawned the weapon within the ten year prohibition period. His sole argument is that the State failed to show that he did not have a permit to possess the weapon.
 

 In a similar case,
 
 State v. Augillard,
 
 371 So.2d 798 (La.1979), the Louisiana Su
 
 *827
 
 preme Court stated that that State did not have to prove that the defendant did not possess a permit in bearing its burden of proof. The Court held that this was a matter of a defense which the defendant had the burden of proving. The Court explained that the Defendant, more than the State, had reason to know of the parish of his residence and whether he applied for and received a permit from the sheriff |sof that parish. That information might not be readily available from the public records. Thus, the Court held that the burden is on the defendant to produce this exculpatory evidence, “peculiarly” accessible to him by which he might be exonerated from criminal responsibility for what otherwise was a violation of the penal statute. The Supreme Court concluded that defendant’s assignment was without merit.
 
 Id.,
 
 371 So.2d at 800.
 

 Pursuant to
 
 Augillard,
 
 the Defendant here had the burden to prove that he had obtained a permit. Since there is no evidence in the record that the Defendant obtained a permit, we find no merit to this assignment of error.
 

 In his second assignment of error, the Defendant asserts that the trial judge abused her discretion by allowing the State to amend the bill of information to add a second felony predicate to the charge of being a felon in possession of a firearm. The Defendant contends that the additional predicate was unnecessary to prove the offense and that it resulted in undue prejudice to him and his ability to receive a fair trial. The State responds that use of more than one prior conviction is permissible.
 

 Before trial began, the prosecutor said that she had notified the defense two weeks before trial that she was amending the bill of information to allege three prior convictions, instead of one.
 
 [4]
 
 She noted that she was filing the amended bill that morning. Defense counsel objected, stating that one felony count satisfied the requirement of La. R.S. 14:95.1. He argued that adding three more felony convictions was prejudicial to the Defendant and introduced a high probability of the jury finding the Defendant guilty based on the number of predicates, as opposed to the facts of the case. He also argued that the additional convictions Rwere superfluous and unnecessary. The prosecutor responded that there was no reason that she had to choose one prior felony conviction rather than three and remarked that the Defendant had been on parole for all three cases until September of 2001. She said that the parole officer was ready to testify to that, and that the parole officer advised her that the Defendant could not possess a firearm because of all three convictions.
 

 Defense counsel responded that there was somebody in the district attorney’s office who believed that there should only be one felony because that was how the bill was originally filed and that it had only been amended very recently. After hearing arguments of counsel, the trial judge allowed the State to amend the bill of information, but did not provide reasons. She noted defense counsel’s objection.
 

 In
 
 State v. Sanders,
 
 357 So.2d 492 (La.1978), cited by both the State and Defendant in their briefs on appeal, the defendant was convicted of being a felon in possession of a firearm. On appeal, he
 
 *828
 
 contended the trial judge erred in permitting the State to introduce evidence of more than one of defendant’s prior convictions for certain felonies in LSA-R.S. 14:95.1. The Louisiana Supreme Court noted that an essential element of the crime was defendant’s prior conviction for one of the enumerated felonies. It found that defendant committed the offense of felon in possession of a firearm in one or both ways, i.e., after being previously convicted of attempted simple burglary and armed robbery. The Court concluded that evidence of both of defendant’s previous felony convictions was admissible at trial as proof of an element of the crime charged and the manner in which the present offense was committed, proof of either prior conviction being sufficient to support defendant’s conviction for the present offense. Hence, the trial judge Improperly permitted introduction in evidence of both of defendant’s previous felony convictions.
 
 Id.,
 Id., 357
 
 So.2d at 493-94.
 

 Likewise, in
 
 State v. Washington,
 
 00-1542 (La.App. 5 Cir. 2/14/01), 782 So.2d 639,
 
 writ denied,
 
 01-0940 (La.2/8/02), 807 So.2d 859, cited by the State in its brief, defendant was charged with being a felon in possession of a firearm based on two predicate felony convictions. He filed a motion in limine seeking to limit the State’s proof to one felony conviction, which the trial court apparently denied. On appeal, he argued that proof of more than one felony conviction was unduly prejudicial. This Court, citing
 
 Sanders,
 
 found that the trial court’s denial of the motion in limine was proper.
 
 Id.,
 
 00-1542 at 10-11, 782 So.2d at 644-45.
 

 Also, in
 
 State v. Marrero,
 
 363 So.2d 494 (La.1978), defendant contended that the trial judge erred in permitting the State to allege in the bill of information more than one of defendant’s prior convictions for a felony enumerated in La. R..S. 14:95.1. The Louisiana Supreme Court, citing
 
 Sanders,
 
 found that a prior conviction was an essential element of the crime and allowing the State to allege more than one previous conviction in the bill of information was not reversible error.
 
 Id.,
 
 363 So.2d at 499.
 

 Pursuant to the decisions in
 
 Sanders, Marrero,
 
 and
 
 Washington,
 
 evidence of both of the Defendant’s previous felony convictions are admissible at trial as proof of an element of the crime charged. Therefore, we find that the trial judge did not err by allowing the amendment.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to La. C. Cr. P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Polizzi,
 
 05-478, p. 18 (La.App. 5 Cir. 2/14/06), 924 So.2d 303, 315. The review reveals only one error patent in this case that requires corrective action.
 
 [5]
 

 The record indicates that the trial judge failed to notify the Defendant of the two-year prescriptive period for filing an application for post-conviction relief, as required by La. C. Cr. P. art. 930.8. Although the commitment/minute entry indicates that the Defendant was advised of the prescriptive period for filing for post-conviction relief, the sentencing transcript indicates that he was not so advised. When there is a discrepancy between the
 
 *829
 
 transcript and the commitment/minute entry, the transcript governs.
 
 State v. Collins
 
 07-0310, p. 3 (La.10/12/07), 966 So.2d 534, 535, citing
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 In the past, the Court remanded in this situation, and ordered the trial court to inform defendant of the appropriate prescriptive period for filing for post-conviction relief by sending appropriate written notice to defendant within ten days of the rendition of this Court’s opinion and by filing written proof that defendant received the notice in the record.
 
 State v. Mutz,
 
 04-1072, p. 9 (La.App. 5 Cir. 2/15/05), 896 So.2d 1129, 1135.
 

 More recently, this court has chosen to correct this error in the opinion rather than by remanding the case, citing
 
 State v. Morris,
 
 40,322, pp. 4-5 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, 363. See
 
 State v. Holmes,
 
 08-719, p. 14 (La.App. 5 Cir. 3/10/09), 10 So.3d 274, 282-83 and
 
 State v. Davenport,
 
 08-463, pp. 10-11 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451.
 
 [6]
 
 We find this procedure an | ^appropriate method of notifying the Defendant of the prescriptive period for post-conviction relief.
 

 Therefore, the Defendant is hereby advised by this opinion that no application for post-conviction relief, including an application which seeks an out of time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final. La. C. Cr. P. arts. 914 and 922.
 

 Accordingly, the Defendant’s conviction is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Acts 2009, No. 160, § 1, in subsec. A, inserted "or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, ...”
 

 [2]
 

 . Acts 2009, No. 154, § 1 added subsec. D.
 

 [3]
 

 .La. R.S. 14:95.1 C(2) states that, "Upon completion of the sentence, probation, parole, or suspension of sentence, the convicted felon shall have the right to apply to the sheriff of the parish in which he resides ... for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.”
 

 [4]
 

 . The amended bill of information indicates that the State alleged three prior convictions: 98-6217 (simple burglary); 87-1258 (aggravated burglary); and 317-641 (possession of heroin). A line, however, was drawn through the case involving the heroin conviction. The record does not reflect that the jury was informed of this conviction, and the Defendant does not raise this as an issue.
 

 [5]
 

 . Two other errors were noted that we need not address. First, the trial judge failed to impose a mandatory fine. Pursuant to our authority to refrain from taking action in this regard, we will not correct the sentence. See
 
 State v. Proctor,
 
 04-1114, p. 10 (La.App. 5 Cir. 3/29/05), 901 So.2d 477, 484;
 
 State v. Caffrey,
 
 08-717, p. 10 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, 205. See also La. C. Cr. P. art. 882. Second, neither the transcript nor the commitment/minute entry indicates that the jury was sworn as required by La. C. Cr. P. Arts. 788 and 790, but as no one raised this issue in either the trial or this Court, consideration of that issue is waived.
 

 [6]
 

 . It is noted that the defendant in Davenport filed a writ application with the Louisiana Supreme Court on January 23, 2009.