STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-131

STATE OF LOUISIANA

VERSUS

BLAIN K. BASS

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 18-9
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of John E. Conery, Van H. Kyzar, and Sharon Darville Wilson, Judges.

AFFIRMED.

**Chad M. Ikerd**
**Louisiana Appellate Project**
**Post Office Box 2125**
**Lafayette, Louisiana  70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Blain K. Bass**

**Honorable  J. Reed Walters**
**District Attorney**
**Twenty-Eighth Judicial District**
**Post Office Box 1940**
**Jena, Louisiana  71342**
**(318) 992-8282**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**CONERY, Judge.**

Defendant, Blain[1] K. Bass, was charged by bill of information with two counts of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1.[2] Defendant entered an open ended plea of guilty to one count of possession of a firearm by a convicted felon with no sentencing recommendation. After ordering and receiving a pre-sentence investigation report, the trial court conducted a sentencing hearing and sentenced Defendant to twelve years at hard labor without the benefit of probation, parole, or suspension of sentence, along with a one thousand dollar fine and court costs.

Trial counsel for Defendant timely filed a motion to reconsider sentence, asserting that Defendant's twelve-year sentence was excessive in light of his lack of violent offenses, and that the trial court failed to properly consider mitigating circumstances such as Defendant's admission to the offense. Defendant also timely filed a pro se motion to reconsider sentence, asking the trial court to resentence him to seven years at hard labor and contending his sentence was the result of threats and coercion from both his own attorney and the District Attorney.

The trial court held a hearing on Defendant's motion to reconsider. Noting that Defendant's pro se motion accuses trial counsel of ineffective assistance, the trial court relieved counsel of his obligation to argue the attorney's counsel filed motion, and allowed Defendant to proceed with arguing his own pro se motion to reconsider. Following Defendant's argument that he felt his sentence was

---

[1] Both briefs in this case list Defendant's name as "Blaine," as do the transcripts. However, the bill of information lists Defendant's name as "Blain," as do the court minutes, trial court motions, the guilty plea, and the motion to reconsider signed by Defendant. Accordingly, we use the spelling "Blain."

[2] Much of the trial court record in this case was submitted in docket number 19-170, which has been made an exhibit to the current docket number 20-131.

excessive and his request for a seven-year sentence, the trial court stated it believed Defendant's sentence was "appropriate and fair" and denied the pro se motion to reconsider. Defendant appealed his sentence in docket number 19-170. By Order dated July 17, 2019, this court noted that trial counsel's motion to reconsider was still outstanding and remanded the case to the trial court for disposition of trial counsel's "Motion to Reconsider Sentence."

On November 5, 2019, the trial court held a hearing on the counsel-filed motion to reconsider sentence, and once more upheld the original twelve-year sentence. Defendant appeals, re-urging his claim from docket number 19-170 that "[t]he trial court's twelve-year sentence for one count of felon in possession of a firearm was excessive in this case. The court mischaracterized facts of the case as aggravating factors in its decision." For the following reasons, we affirm Defendant's conviction and sentence.

**FACTS**

At the time of Defendant's guilty plea, the State provided the following factual basis:

> Yes sir, Judge. In docket 15-1220, on February 17, 2016, Mr. Blaine Bass entered a plea here in this court, before Your Honor, to a charge of Distribution of Synthetic Marijuana, setting the predicate for the Possession of [a] Firearm by a Convicted Felon. Then on December 28, 2017, while up in the northern end of the parish, on highway 125 at the Pentecostal Church Road here in La Salle Parish, near Urania, Deputy Joseph Spence was traveling. He noticed a vehicle traveling in front of him. Uh, it crossed over the fog line on the roadway multiple times. He activated his emergency lights to perform a traffic stop. The driver, and only occupant, was found to be Blaine Kyle Bass. Uh, Mr. Bass advised Deputy Spence that he had a suspended driver's license and that he had been convicted of a felony. Mr. Bass was acting somewhat nervously which led the officer to do subsequent investigations. Subsequent investigation revealed the presence of a Taurus 380 caliber handgun, that had one round in the chamber, located in the console within access, reach, of the driver, uh, in the vehicle that Mr. Bass was operating. It was seized. A picture

2

of it was taken and I have a photograph of it rather than the actual gun itself.

Defendant contended that the 380 caliber handgun was disassembled, with the firing mechanism unattached and that it did not have a round in the chamber. However, Defendant had two firearms in the car. It was noted the conviction was actually for the Ruger 10/22 rifle that was in the vehicle, not the handgun, and that the Defendant pled guilty.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant contends his sentence is excessive because the trial court "mischaracterized certain facts of the case as 'aggravating facts.'" Defendant correctly notes that the factual basis given at the guilty plea did not indicate that he fled from the officer, although he acknowledges he did in fact run from the officer and was initially arrested for misdemeanor resisting arrest by flight. According to the police narrative prepared by Deputy Joseph Spence, Defendant fled the scene after informing Deputy Spence that he was a convicted felon and that there were firearms in the vehicle. Both firearms were located in the car after Defendant fled the scene; according to the narrative, both weapons had a round in the chamber.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Defendant's current argument, that the trial court mischaracterized the facts surrounding Defendant's arrest, was not raised in the trial court and is therefore not properly before this court. Uniform Rules—Courts of Appeal, Rule 1-3. In his motion to reconsider, trial counsel argued that the trial court:

> did not fully consider the mitigating facts presented to the court. Further the defendant asserts that the sentence is excessive in relation to the defendant[']s criminal history and his lack of violent offenses. The court should also consider that the defendant did admit to the offense and did not attempt to conceal or hide the weapons when confronted by law enforcement.

Likewise, Defendant's pro se motion to reconsider argues incorrectly that trial counsel failed to file a motion to reconsider and also that his plea was the result of "threat, coercion, from his attorney and the District Attorney, when they threatened him with a larger sentence, railroading the proceeding[.]" As neither of Defendant's motions to reconsider sentence actually argued that facts of the case were mischaracterized as aggravating factors, La.Code Crim.P. art. 881.1(E) prohibits Defendant from now raising said claim.

4

However, we will review the claim as a general excessiveness claim. Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:
>
> > While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge

5

> "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. Because Defendant's motion to reconsider lacked specificity and merely sought reconsideration of his sentences, we will review Defendant's claim as a bare excessiveness claim under *Baker*.

Looking first to the nature of the crime, possession of a firearm by a convicted felon requires the defendant to have been convicted of one of a list of felony offenses, which includes crimes of violence, sex offenses, or a felony drug offense, amongst others. In Defendant's case, the predicate offense was a felony drug offense, namely distribution of synthetic marijuana. The sentencing range under La.R.S. 14:95.1 requires a minimum of five years at hard labor up to twenty years, plus a fine between $1,000 and $5,000. Although not a crime of violence, possession of a firearm by a convicted felon by definition cannot be committed by a first offender. Defendant's twelve-year sentence is a mid-range sentence representing sixty percent of the maximum penalty. Additionally, his $1,000 fine represents the statutory minimum.

6

With regard to the nature and background of the offender, Defendant admitted during the February 5, 2019 hearing on his motion to reconsider sentence that he is "a fourth time offender." Prior to sentencing, the trial court noted that Defendant was thirty-five, had graduated high school, and had prior convictions, dating back to 2001, for felony theft, three counts of possession of contraband in a penal facility, and distribution of synthetic marijuana. Although not listed by the trial court, the PSI further reveals a conviction of driving while intoxicated with child endangerment. The trial court noted that Defendant had been granted probation on the felony theft conviction, but that said probation was revoked. The trial court also noted that Defendant had an additional twenty-one arrests which did not result in convictions. The PSI indicates that those arrests included driving while intoxicated, without a license, and reckless operation of a motor vehicle. The court further acknowledged that Defendant's mother had passed away, he did not speak to his father, and his younger sister was "a regular guest of [the] court."

The trial court noted Defendant was actively raising four children and that Defendant reported working in the oilfield his entire life. Acknowledging Defendant's reported prior use of marijuana, cocaine, methamphetamine, and alcohol, the court stated:

> I am not sure I buy that you have completely quit using substances, but I hope it is accurate and I hope it is correct for a reason other than the fact that you are incarcerated, because all of your convictions seem to center around a substance conviction or substance situation.

In recognition of Defendant's substance abuse issues, the trial court recommended that Defendant "be housed in a facility that provides addictive disorder treatment and counseling."

7

The final factor in the *Baker* analysis is a comparison of the sentences imposed for similar crimes. In *State v. Breaux*, 598 So.2d 719 (La.App. 4 Cir.), *writ denied*, 609 So.2d 254 (La.1992), the fourth circuit upheld a ten-year sentence, then the maximum allowed by law, for a defendant who had four prior felony convictions. In *State v. James*, 13-666 (La.App. 5 Cir. 2/12/14), 136 So.3d 113, the fifth circuit upheld a fifteen-year sentence, then the maximum, based upon defendant's prior drug convictions and involvement. Additionally, the second circuit upheld an eighteen-year second habitual offender sentence for a thirty-seven year-old defendant with a difficult childhood and substance abuse issues with six prior felony convictions in *State v. Jamerson*, 43,822 (La.App. 2 Cir. 1/14/09), 1 So.3d 827.

Defendant admitted that he is a fourth felony offender who was on parole at the time of his arrest. In light of the above case law, we find the trial court did not abuse its discretion in sentencing Defendant to a mid-range sentence of twelve years at hard labor without benefit of probation, parole, or suspension of sentence and a minimum fine of $1,000. Therefore, we find that the Defendant's sentence was not excessive considering the record before us on appeal.

**DECREE**

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

8