STATE OF LOUISIANA      *      NO. 2023-KA-0271

VERSUS      *

JOBEY S. BIENEMY      *      COURT OF APPEAL

     *      FOURTH CIRCUIT

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 22-00463, DIVISION "D"
Honorable Darren M Roy
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Dale N. Atkins, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

Gwendolyn K. Brown
LOUISIANA APPELLATE PROJECT
P.O. Box 64962
Baton Rouge, LA 70896-4962

     COUNSEL FOR DEFENDANT/APPELLANT

Justin W. Stephens
ST. BERNARD PARISH DISTRICT ATTORNEY'S OFFICE
1101 West St. Bernard Highway
Chalmette, LA 70043

     COUNSEL FOR STATE/APPELLEE

         **AFFIRMED**
         December 4, 2023

RDJ
DNA
NEK

Appellant Jobey Bienemy ("Defendant") appeals his six-count conviction and 15-year sentence. Defendant asserts that this Court should reverse his conviction and order a new trial because his right to a fair trial was violated. For the following reasons, we affirm all six counts of the Defendant's conviction.

## FACTS AND PROCEDURAL HISTORY

Agents from St. Bernard Parish Sheriff's Office executed multiple warrants that ultimately led to Defendant's arrest. On February 8, 2021, a search warrant was executed for Apartment 3 at 3617 Golden Drive. In this apartment, agents found: a .25 caliber Beretta semiautomatic handgun, a jar of marijuana, 23 packets of marijuana, multiple bags of marijuana, three bags of cocaine, small powdery cocaine, and a single prescription pill. Along with the aforementioned items, agents discovered digital scales and several thousands of dollars in cash. During this search, Defendant and Crystal Lewis ("Ms. Lewis") were found asleep in the master bedroom.

On September 29, 2021, St. Bernard Parish Sheriff's Office executed a search warrant for the Marina Hotel, Room 166. Before obtaining the warrant, agents received an anonymous tip that Defendant and Ms. Lewis were selling

1

drugs from this hotel room. Agents conducted surveillance on the room and observed Defendant engaging in multiple hand-to-hand transactions. Upon searching the room, agents found cocaine, a small amount of marijuana, clear plastic bags, and a clear bag that contained 43 suboxone strips.

On January 6, 2023, the State of Louisiana ("The State") filed a Superseding Bill of Information which charged Defendant with (1) Possession with Intent to Distribute a Schedule I Controlled Dangerous Substance (Marijuana) pursuant to La. R.S. 40:966.B.(3); (2) Possession with Intent to Distribute a Schedule II Controlled Dangerous Substance (Cocaine) pursuant to La. R.S. 40:967.A.(1); (3) Possession of a Schedule II Controlled Dangerous Substance (Dextroamphetamine) pursuant to La. R.S. 40:967(C)(2); (4) Possession with Intent to Distribute a Schedule I Controlled Dangerous Substance (Marijuana) pursuant to La. R.S. 40:967(A)(1); (5) Possession with Intent to Distribute a Schedule II Controlled Dangerous Substance (Cocaine) pursuant to La R.S. 40:967.A.(1); and (6) Possession of a Firearm or Carrying a Concealed Weapon by a Convicted Felon pursuant to La. R.S. 14:95.1.[1] Beneath the "Possession of a firearm charge", the State also listed seven prior convictions: (1) Possession with Intent to Distribute Cocaine; (2) Possession with Intent to Distribute Cocaine; (3) Possession of Schedule IV CDS (Clonazepam); (4) Possession of Marijuana Third Offense; (5) Possession of Contraband in a State Correctional Institution; (6) Possession of a Schedule III CDS (Suboxone and Alprazolam); and (7) Possession of a Schedule II CDS (Cocaine). On January 13, 2023, a jury of 12 unanimously

---

[1] Although the other charges were listed in previous bill of information filed, the last charge, "Possession of a firearm", was added on January 6, 2023.

found Defendant guilty on all charges. On January 20, 2023, Defendant was sentenced. This timely appeal followed.

On appeal, Defendant raises the following assignments of error: (1) the trial court erred in denying a cause challenge and forcing the Defendant to use a peremptory challenge to remove prospective juror, Jason Dimak ("Dimak"); (2) the trial court erred in denying Defendant's motion to quash the superseding bill of information, or, alternatively, failing to remove the seven prior offenses listed in the bill of information; and (3) the record contains an error patent.

## DISCUSSION

### Challenge for Cause

Defendant asserts that the trial court erred in denying his challenge for cause and forcing Defendant to use a peremptory challenge to remove prospective juror, Dimak. Defendant contends that during the voir dire process, Dimak displayed an inability to remain impartial.

According to the La. Const, art. 1, § 17 (A), "[t]he accused shall have a right to a full voir dire examination of prospective jurors and to challenge jurors peremptorily." "In trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges, and the state twelve for each defendant." La. C.Cr.P. art. 799. A party can challenge a juror for cause on the following grounds:

> (1) The juror lacks a qualification required by law;
>
> (2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;

3

(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;

(4) The juror will not accept the law as given to him by the court; or

(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.

La. C.Cr.P. art. 797.

A reversal of a defendant's conviction and sentence is required if all twelve peremptory challenges are used by a defendant and a trial court's erroneous ruling on a challenge for cause results in the deprivation of one of the defendant's peremptory challenges. *State v. Juniors,* 03-2425, pp. 7-8 (La. 6/29/05), 915 So. 2d 291, 304. The deprivation of a peremptory challenge constitutes a substantial violation of their constitutional and statutory rights. *Id.* For Defendant to get a reversal on his conviction and sentence, he must establish that all twelve of his peremptory challenges were exhausted and that the trial court erroneously denied his valid challenge for cause. After reviewing the record, we find that the trial court did not err in denying Defendant's challenge for cause.

According to the record, Defendant used all twelve of his peremptory challenges. The only element to prove is whether the trial court erroneously denied his challenge for cause. Defendant's challenge for cause pertains to prospective juror, Dimak. Defendant alleges that during the voir dire process, Dimak expressed that he would not view the parties equally. During voir dire, Defendant's counsel posed a series of questions to the prospective jurors regarding the Defendant's

4

Fifth Amendment rights and the relevance of defendant's criminal history. Prospective juror Darren Siddons ("Siddons") stated that the State would have a "head start" during this trial considering Defendant's prior convictions. Dimak subsequently agreed with Siddons' statement. Defendant asserts that Dimak's agreement to the State having a "head start" is sufficient to challenge the juror for cause on the grounds that Dimak is unable to remain impartial.

When evaluating a district court's decision to deny a for cause challenge, the "appellate court should accord great deference to the district court's ruling on a challenge for cause, which is necessarily based, in part, on the court's personal observations during questioning." *State v. Mickelson*, 12-2539, pp. 12-13 (La. 9/3/14), 149 So. 3d 178, 186-187. The district court is granted broad discretion in ruling on challenges for cause and their ruling will only be reversed if the voir dire record as a whole shows an abuse of discretion. *Id.* at 187. Shortly after the "head start" comment was made by Siddons, all of the prospective jurors, including Dimak, collectively answered that they could be impartial when looking at the evidence and determine "what's right is right". Furthermore, when Defendant's counsel raised the for cause challenge to the judge, he stated that he did not hear Dimak mention that he would have an issue with following the Fifth Amendment. Based on our review of the record, we find that the district court did not abuse its discretion when denying Defendant's for cause challenge.

**Quash Superseding Bill of Information**

Defendant asserts that the trial court erred in denying his motion to quash the superseding bill of information, or, alternatively, failing to remove the seven prior convictions listed in the bill of information. Defendant argues that listing the seven prior convictions with the introduction of the possession of firearm charge is

5

extremely prejudicial and would have a psychological effect on the jurors. Defendant further argues that to charge the offense of La. R.S. 14:95.1, only listing one prior conviction is necessary, and anything more would be prejudicial and redundant. Lastly, Defendant argues that the State violated the *Prieur* doctrine by not providing Defendant a *Prieur* hearing or notice that his past crimes were going to be introduced. After reviewing the record and relevant case law, we find that the trial court was not erroneous in denying Defendant's motion to quash the superseding bill of information.

The statute at issue, La. R.S. 14:95.1, provides in pertinent part that:

> A. It is unlawful for any person who has been convicted of, or has been found not guilty by reason of insanity for, a crime of violence as defined in R.S. 14:2(B) . . . or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.

To establish a violation of La. R.S. 14:95.1, the state must show that: "(1) defendant possessed a firearm; (2) defendant has been convicted previously of a crime of violence or other enumerated felony; (3) defendant possessed the firearm within ten years of the prior conviction; and (4) defendant had the general intent to commit the offense." *State v. Sparks*, 18-1013, pp. 4-5 (La. App. 4 Cir. 5/8/19), 271 So. 3d 308, 311.

Defendant asserts that the State only needed to show one previous violent crime or enumerated felony to satisfy the second element of La. R.S. 14:95.1; and that presenting multiple previous convictions was unnecessary and extremely prejudicial. This Court has held that listing multiple prior convictions is

6

permissible to prove an element of La. R.S. 14:95.1. In *State v. Breaux*, the defendant argued to quash the bill of information due to the prior felonies listed being prejudicial to him. 598 So. 2d 719, 720 (La. App. 4 Cir. 1992) (citing *State v. Sanders*, 357 So. 2d 492 (La.1978). This Court held that the defendant's issue was without merit, referencing *State v. Sanders* where they held that "[e]vidence of both of defendant's previous felony convictions was admissible at trial as proof of an element of the crime charged and the manner in which the present offense was committed, proof of either prior conviction being sufficient to support defendant's conviction for the present offense." *Sanders*, 357 So. 2d at 494. Considering this Court's previous holdings that the introduction of multiple prior convictions being used to prove La. R.S. 14:95.1 are permissible, we find that this issue is without merit.

With regard to Defendant asserting that there was no *Prieur* notice, we find that this issue is also without merit. In *State v. Prieur*, safeguards were established around the admissibility of evidence in order to limit the prejudicial effect of unrelated offenses introduced without notice. 277 So. 2d 126, 128 (La. 1973). In particular, one of these safeguards states that "[t]he State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information." *Id.* at 130. However, in *State v. Batiste*, it was established that the *Prieur* doctrine does not apply with the application of La. R.S. 14:95.1 because "the State would never be able to successfully prosecute this offense". 96-2203, p. 5 (La. App. 4 Cir. 10/22/97), 701 So. 2d 729, 732. Showing prior convictions and establishing "the defendant's status as a convicted felon is an element of the crime of possession of a handgun by a convicted felon." *Id.* The

7

*Prieur* doctrine is not invoked with the application of La. R.S. 14:95.1 and therefore, this issue is without merit.

**Errors Patent**

Lastly, Defendant asserts that the record contains an error patent. The Defendant argues that the trial court erred in failing to rule on Defendant's motion for new trial before sentencing. Thus, his sentence should be vacated and the case should be remanded for the trial court to rule on this motion. After reviewing the record and relevant case law, this issue lacks merit.

Louisiana Code of Criminal Procedure Article 873 states in pertinent part, "If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately." As shown in the record, the jury returned its verdict on January 13, 2023, and Defendant was sentenced on January 20, 2023. The record does not explicitly reflect whether the motion for new trial was filed before sentencing. On the day of sentencing, Defendant did not mention that he filed for a motion for new trial and when asked whether he was ready for sentencing, he answered in the affirmative. This court has found that "[a] defendant may implicitly waive the twenty-four hour delay by announcing his readiness for sentencing." *State v. Foster*, 02-0910, p. 2 (La. App. 4 Cir. 12/11/02), 834 So. 2d 1188, 1191 (citing *State v. Pierre*, 99-3156, p. 7 (La. App. 4 Cir. 7/25/01), 792 So. 2d 899, 903). Furthermore, the Louisiana Supreme Court has held that if "there has been no objection raised regarding the sentence imposed in this case and no showing or suggestion that defendant was prejudiced by the failure to observe the delay", this Court does not need to remand for resentencing. We

8

find that because Defendant agreed that he was ready for sentencing, he has raised no objections, nor suggested that he was prejudiced for failure to observe a delay in sentencing, there is no error patent in the record.

## DECREE

For the foregoing reasons, we affirm the Defendant's convictions and sentence.

**AFFIRMED**